UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT MCKEON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ASBURY PARK, MAYOR JOHN MOOR, AND MICHAEL CAPABIANCO,<br><br>    Defendants. | Civil Action No. 3:19-cv-08536-MAS-ZNQ<br><br><u>Filed Electronically via ECF</u><br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO ENFORCE A SETTLEMENT AGREEMENT** |

## INTRODUCTORY STATEMENT

Plaintiff is filing this Cross-Motion in order to enforce the settlement agreement that was reached by the parties at an August 28, 2019 settlement conference held by Magistrate Judge Quraishi, at which conference the terms of the settlement were reduced to a Term Sheet. A copy of that Term Sheet is attached as Exhibit A to the Certification of Patricia A. Barasch filed in Support of Plaintiff's Cross-Motion (hereinafter "Barasch Certification").

While following the settlement conference, in attempting to incorporate the provisions of the Term Sheet into a mutually agreeable final Settlement Agreement and Release, counsel for the parties have been able to substantially reduce the issues in dispute, several differences remain as to the provisions to be included in any such

Agreement. In this regard, as Plaintiff has argued in his Brief in Response to Defendants' Motion to Enforce Settlement Agreement, Defendants have submitted a proposed Settlement Agreement and Release that fails in several respects to accurately incorporate the agreement reached by the parties as set out in the Term Sheet, particularly given that Defendants have added terms nowhere mentioned in that Term Sheet and never agreed on at the August 28, 2019 settlement conference. It is for this reason that Plaintiff is filing the present Cross-Motion and submitting to the Court a proposed final Settlement Agreement and Release that appropriately incorporates the agreement previously reached by the parties at the settlement conference. Plaintiff has attached his proposed final "Settlement Agreement and Mutual Release" as Exhibit B to the Barasch Certification being submitted along with this Brief. In preparing that Agreement, Plaintiff used as the template the version of the Settlement Agreement and Release submitted by Defendants as Exhibit H to the Certification of Theresa Lentini, Esq. In order to make clear to the Court the places in Exhibit B (Plaintiff's proposed Settlement Agreement and Mutual Release) where Plaintiff has made changes to the version submitted by Defendants, Plaintiff is submitting as Exhibit C to the Barasch Certification a "marked-up" copy of the Defendants' proposed Agreement in which Plaintiff's added language is highlighted in yellow and the deletions are noted by using a "strike-through" font.

## LEGAL ARGUMENT

Plaintiff will review below the deletions and additions made to Exhibit H to the Lentini Certification that are now reflected in the Settlement Agreement and Mutual Release being submitted by Plaintiff to the Court. See Barasch Certification at Exhibits

B (a "clean copy" of Plaintiff's proposed Agreement) and Exhibit C (a "marked-up" copy of that proposed Agreement).

1.     <u>The Language Regarding the Filing of Future OPRA Requests by Plaintiff:</u>

On this issue, the Term Sheet signed off by the parties on August 28, 2019, <u>see</u> Barasch Certification at Exhibit A, states as follows: "No additional OPRA requests on issues related to civil litigation by McKeon; [and the] withdrawal [by McKeon] of pending OPRA requests related to civil litigation."   In order to be consistent with this provision of the Term Sheet, Plaintiff has retained from the version proposed by Defendants (Exhibit H of the Lentini Certification) only the following: "Plaintiff. . . (d) agrees to refrain from filing any future OPRA or common law requests for information that relates in any way to the Claims asserted in the Civil Action."  <u>See</u> Exhibit B to the Barasch Certification at p. 3.   The additional restrictions that Defendants had included in their proposed version of the Agreement have been stricken.  <u>See</u> Barasch Certification at Exhibit C; <u>see also</u> Plaintiff's Brief in Response to Defendants' Motion to Enforce Settlement Agreement at pp. 2 to 3.

2.     <u>The Language of the "Non-Disparagement" Paragraph in the Settlement Agreement:</u>

On this issue, as set forth in the Term Sheet signed off by the parties on August 28, 2019, it was agreed as follows: "Mutual non-disparagement clause & indemnification of any claims against McKeon within the scope of his employment."  <u>See</u> Exhibit A to the Barasch Certification, the Term Sheet agreed to on August 28, 2019.   As set forth in Plaintiff's Brief in Response to Defendants' Motion to Enforce Settlement Agreement, Plaintiff takes issue with the language in Defendants' proposed paragraph entitled, "Non-Disparagement," set out paragraph 9 of that Agreement, <u>see</u> Exhibit H of Lentini

3

Certification, because it fails to reflect the parties' prior agreement that non-disparagement be "*mutual*," requiring instead only that Defendants be "*advised*" not to make disparaging or false allegations regarding McKeon.

So that the "Non-Disparagement Clause" of the Agreement truly be "mutual," Plaintiff proposes that this section of the Agreement read as follows:

> 9.     **Non-Disparagement**.  McKeon covenants and agrees to make no disparaging statements or false allegations intended to harm the reputation of the City or any employee or elected official thereof.  The City Administrator, the City's Council Members, Defendant Moor and Defendant Capabianco covenant and agree to make no disparaging statements or false allegations intended to harm the reputation of McKeon.

See Exhibit B to Barasch Certification at p. 6.

3.     <u>The Settlement Agreement And Release Needs To Include Defendants Moor And Capabianco As Parties And Signatories To The Agreement.</u>

Even though Mayor John Moor and Michael Capabianco were named as individual defendants in the Complaint[1] giving rise to the present litigation, Defendants have not included them as "parties" bound by the Agreement and not required that each of them be signatories to the Agreement.  As discussed in Plaintiff's Brief in Response to Defendants' Motion to Enforce Settlement Agreement, see pp. 5 to 6, there is a significant reason why Defendants' omission is an important one:  As a result of the Complaint filed in this matter[2] asserting in its Count I a violation by all Defendants of New Jersey's Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1, both Defendant Moor and Defendant Capabianco faced individual liability given that, under

---

[1] Thus, in Defendants' proposed Settlement Agreement and Release, see Exhibit H to Lentini Certification, the introductory paragraph appearing at the top of the first page, while naming the parties to the Agreement omits both Moor and Capabianco as parties.  Likewise, at the end of Defendants' proposed Agreement, there is no requirement that Moor and Capabianco sign as being bound by the Agreement.

[2] A copy of the Complaint was attached as Exhibit A to the Certification of Patricia A. Barasch filed in Response to Defendants' Motion to Enforce Settlement Agreement.

the provisions of that statute, individual managers and supervisors fall within the definition of "employers."  See Plaintiff's Brief in Response to Defendants' Motion to Enforce Settlement Agreement at pp. 5 to 6.  Given that Defendants Moor and Capabianco are named defendants in the present litigation, and given that they were sued in their individual capacities as "employers" under CEPA, the Settlement Agreement here needs to include them as "parties" to the Agreement and require that they also be signatories to it.   Accordingly, in Plaintiff's proposed Settlement Agreement and Mutual Release, both Moor and Capabianco are included as "parties" to the Agreement, see p.1 of Exhibit B to Barasch Certification, and lines for their signatures have been added on the last page of the Agreement.  See p. 8 of Exhibit B.

4.     Plaintiff Is Removing From The Settlement Agreement Defendants' Proposed Indemnification" Provision.

As discussed in Plaintiff's Brief in Response to Defendants' Motion to Enforce Settlement Agreement, see p. 6, Defendants have included in their proposed Settlement Agreement and Release, see Exhibit H to Lentini Certification at pp. 6-7 at ¶ 10, an "Indemnification" provision that was never discussed nor agreed to by the parties at the August 28th settlement conference.  Accordingly, there is no mention of such a provision in the Term Sheet signed by the parties on that date.  See Exhibit A to the Lentini Certification.   Plaintiff has now deleted Defendants' proposed "Indemnification" paragraph from his Settlement Agreement and Mutual Release.

5.     Plaintiff Has Added A Paragraph That Makes The "Release" Provisions In The Agreement Mutual.

Although the Term Sheet is silent as to the mutuality of the releases to be provided by the parties (and references only that Plaintiff shall release his claims against

Defendants), Plaintiff submits that it is standard—and understood by the parties whenever a final settlement agreement and release is entered into—that any release will be mutual.  Such mutuality is needed in order that the parties can put all their disputes behind them without the fear of future litigation.  Accordingly, Plaintiff has added the following paragraph to his proposed Settlement Agreement and Mutual Release:

> The Releasees likewise hereby fully and forever release, remit, acquit, remise and discharge McKeon from any and all liabilities, claims, causes of action, complaints, charges, obligations, damages, injuries, attorneys fees, costs, losses and other legal responsibilities of any kind whatsoever which Releasees have or may have had against McKeon arising out of the City's employment of Releasor, including all of those claims set forth in the Notice of Disciplinary Action filed by the City against McKeon, from the beginning of time through the date of this Agreement.

See Exhibit B to Barasch Certification at p. 4.

Likewise and finally, although the Term Sheet is silent as to whether the Agreement would inure to the benefit of the successors to any of the parties to this Agreement, given Defendants' inclusion of successor and assigns language in the Release and Discharge Provision contained in Section 1 benefitting the Defendants in this case, Plaintiff has included comparable language in the introductory language of the Settlement Agreement making clear that the Agreement will inure to the benefit of Plaintiff's heirs, executors, administrators, successors and assigns should he die before all of the benefits provided for in the Agreement are paid out.  This is especially appropriate, and standard, given that Defendants have also included language in the Release and Discharge Provision contained in Section 1 requiring the Release to be made not only by McKeon for himself, but also "on behalf of his successors, heirs, beneficiaries, agents, estates and assigns."

## **CONCLUSION**

In accordance with the above, Plaintiff asks this Court to enforce the proposed Settlement Agreement and Mutual Release as it appears in Exhibit B to the Barasch Certification and to require all parties to become signatories to it.

          Respectfully submitted,

          SCHALL & BARASCH, LLC

          By: */s/ Patricia A. Barasch*

          110 Marter Avenue, Suite 105
          Moorestown, NJ 08057
          Tel: 856.914.9200
          pbarasch@schallandbarasch.com

          Attorneys for Plaintiff Robert McKeon

Dated: May 7, 2020