

| | **STEINHARDT**<br>**CAPPELLI**<br>**TIPTON &**<br>**TAYLOR LLC** |
|---|---|

1010 Kings Hwy South, Building 2    **O** 856.853.5530
Cherry Hill, NJ 08034    **F** 856.354.8318

**Stephen J. Boraske** | Associate

856.853.5530
sboraske@floriolaw.com

*November 13, 2020*

**VIA ECF**
The Honorable Zahid N. Quraishi, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

RE:    **Defendants' Position Statement: Disputed OPRA Settlement Term**
**McKeon v. City of Asbury Park et al,  No. 3:19-cv-08536-MAS-ZNQ**

Dear Judge Quraishi:

In accordance with the Court's November 4, 2020 docket order, please accept this correspondence on behalf of Defendants the City of Asbury Park, Mayor John Moor, and Michael Capabiano (collectively, "Defendants") setting forth Defendants' position regarding Plaintiff Robert McKeon's ("Plaintiff") obligation to withdraw certain Open Public Records Act (OPRA) requests submitted to the City of Asbury Park in 2019 and 2020, as required by the Parties' Term Sheet and Settlement Agreement.

As will be further explained herein, it is Defendants' position that there remain two outstanding OPRA requests filed by Plaintiff that are related to the instant Litigation (the "Disputed Requests").[1] The Disputed Requests must be withdrawn in accordance with the Parties' Term Sheet and the Court's September 25, 2020 Order and Opinion.

**I.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

A.    <u>The Litigation</u>

By way of brief background, Plaintiff's claims and allegations in this case are based upon Plaintiff's time as an employee of the City. The City hired Plaintiff who is a licensed attorney in the State of New Jersey in July of 2014 as the Director of Property Improvement and Neighborhood Preservation, a position that included oversight of a number of code enforcement and housing inspectors.  Plaintiff himself was not a licensed inspector until approximately 2016, and had no prior experience in code inspection.

---

[1] The Disputed Requests are identified as PR-359-2020 and PR-360-2020.  True and correct copies of the Disputed Requests are attached hereto as <u>Exhibit A</u>.

Plaintiff alleges that beginning in 2017, he believed certain City housing inspectors were not carrying out inspections and that he attempted to correct the housing inspectors' deficiencies. Plaintiff alleges the City Manager and Mayor intentionally frustrated his efforts by covering up employees' conduct and discontinuing certain programs in his department. Plaintiff claims that when he objected, Defendants took retaliatory actions against him to force him out of his job.

In early 2019, with facing pending disciplinary charges filed by the City, Plaintiff filed a three-count civil action complaint in the New Jersey Superior Court, Monmouth County, Docket MON-L-0537-19 against Defendants alleging violation of the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA"); unlawful reprisal in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(d) (LAD), violation of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. ("FMLA") ("Complaint").  Defendants removed the Complaint to the District Court in March 2019.

B.    The Settlement and Term Sheet

A settlement conference was held before Magistrate Judge Zahid N. Quraishi on August 22, 2019. The matter was settled, and the Parties executed a hand-written settlement term sheet ("Term Sheet").  The Term Sheet states, in relevant part:

- "No additional OPRA requests or issues related to civil litigation by McKeon;"
- "Withdrawal of pending OPRA requests related to civil litigation."

C.    The Court's September 25, 2020 Order & Opinion

The Parties were able to memorialize some but not all of the foregoing terms in a formal settlement agreement. Because the Parties were significantly apart as to the scope of certain terms set forth in the Term Sheet, including the terms that required Plaintiff to withdraw pending OPRA requests related to the Litigation and refrain from filing future OPRA requests related to the Litigation, the Parties filed cross-motions to enforce separate settlement agreements.

On September 25, 2020, the Court issued a detailed opinion resolving the disputed terms from the Term Sheet and clarifying the language to be included in the Parties' final form of settlement agreement, including the language regarding the OPRA term:

> **C.    The OPRA Request Dispute**
>
> Plaintiff argues that Defendants' Final Proposed Agreement's OPRA provisions are too broad. (*Id.* at 3.) The Court agrees. The Proposed Settlement Terms require Plaintiff to cease filing OPRA requests—and withdraw his pending OPRA requests—related to the instant civil litigation. (Proposed Settlement Terms *3.) The OPRA provisions contained in Defendants' Final Proposed Agreement's prevent Plaintiff from filing OPRA "[c]laims [Plaintiff] could have asserted through the date of th[e settlement a]greement or Plaintiff's employment with [Asbury Park]." (Defs.' Final Proposed Agreement 3.) This language, while including claims related to the instant litigation, prevents Plaintiff from filing OPRA requests on matters wholly unrelated to the instant matter. Such language, therefore, is not consistent with the plain language of the Proposed Settlement Terms and should not be included in the final settlement agreement.

(ECF No. 34 at p. 13).

The Court ordered the Parties to submit an agreed upon form of settlement consistent with the Court's opinion no later than October 9, 2020. (ECF No. 35).

### D.    Plaintiff's Pending OPRA Requests & The Disputed Requests

Given the Court's September 25, 2020 Opinion, the Parties understood and agreed that Plaintiff must withdraw pending OPRA requests "related to the Litigation" and cannot file future ORPA requests "related to the Litigation."

In the weeks since the Court's opinion, the Parties have worked to resolve which of Plaintiff's many pending OPRA requests are actually "related to the Litigation." Plaintiff has submitted eighteen (18) OPRA requests to the City since the commencement of the instant Litigation. These eighteen requests contain as many as 160 or more "sub-requests," through which Plaintiff seeks various categories of information and types of records as related to various City officials and employees.

The Parties have worked out the majority of these requests and whether they are or are not "related to the instant Civil Litigation." In addition to the Disputed Requests attached as Exhibit A, true and correct copies of all OPRA requests identified above that the Parties have agreed are "related to the Litigation" are attached hereto as Exhibit B.  True and correct copies of all OPRA requests identified above that the Parties have agreed are not "related to the Litigation" are attached hereto as Exhibit C.  For the Court's ease of reference, the following table summarizes the settlement status of all relevant OPRA requests submitted by Plaintiff to the City since the filing of this Litigation.

| OPRA Request ID | Sub-Requests Included | Settlement Status |
|---|---|---|
| PR-376-2019 | 9 | Parties agree related to Litigation and must be withdrawn. |
| PR-377-2019 | 3 | Parties agree related to Litigation and must be withdrawn. |
| PR-378-2019 | 1 | Parties agree related to Litigation and must be withdrawn. |
| PR-379-2019 | 30+ | Parties agree related to Litigation and must be withdrawn. |
| PR-380-2019 | 25+ | Parties agree related to Litigation and must be withdrawn. |
| PR-381-2019 | 26 | Parties agree related to Litigation and must be withdrawn. |
| PR-599-2019 | 3 | Parties agree related to Litigation and must be withdrawn. |
| PR-346-2020 | 8 | Parties agree not related to Litigation. |
| PR-347-2020 | 3 | Parties agree not related to Litigation. |
| PR-348-2020 | 4 | Parties agree related to Litigation and must be withdrawn. |
| PR-349-2020 | 17 | Parties agree not related to Litigation. |
| **PR-359-2020** | **5** | **DISPUTED – Parties disagree whether related to Litigation.** |
| **PR-360-2020** | **11** | **DISPUTED – Parties disagree whether related to Litigation.** |
| PR-362-2020 | 4 | Parties agree not related to Litigation. |
| PR-363-2020 | 4 | Parties agree not related to Litigation. |
| PR-364-2020 | 4 | Parties agree not related to Litigation. |
| PR-365-2020 | 4 | Parties agree not related to Litigation. |
| PR-406-2020 | 2 | Parties agree not related to Litigation. |

## II.   ARGUMENT

### A.   The Disputed Requests Are Related to the Civil Litigation

It is Defendants' position that the Disputed Requests are related to the instant Litigation and must be withdrawn in accordance with the Parties' Term Sheet and the Court's September 25, 2020 Order and Opinion.

Whether the Disputed Requests must be withdrawn depends on the scope of the phrase in the Term Sheet "related to the instant civil litigation." As the Parties agree and as the Court held in its September 25, 2020 Opinion, there is no dispute that the Term Sheet is a valid, binding settlement agreement between the Parties. Mosley v. Femina Fashions Inc., 356 N.J. Super. 118, 126, 811 A.2d 910 (App.Div.2002), certif. denied, 176 N.J. 279 (2003). A settlement agreement between parties is a contract governed by basic contract principles and must be enforced accordingly. Capparelli v. Lopatin, 459 N.J. Super. 584, 603–04 (App. Div. 2019). The ultimate goal in interpreting a contract is ascertaining—and enforcing—the parties' manifested, objective intent. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 587 (3d Cir. 2009). When the "parties express their intent in language in [a] settlement agreement and were represented by skilled attorneys, [the] court should not look beyond that language to understand [the] agreement." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 282 (3d Cir. 2014) (citing Lubrizol v. Exxon Corp., 871 F.2d 1279, 1283 (5th Cir. 1989)).

The plain language of the Term Sheet states Plaintiff must withdraw and cease from submitting further OPRA requests "related to the instant Civil Litigation." "Related," as defined by Websters, means: "connected by reason of an established or discoverable relation," with "relation" in turn defined as "an aspect or quality (such as resemblance) that connects two or more things or parts as being or belonging or working together or as being of the same kind."[2]

While there does not appear to be any authority directly on-point that clearly defines the scope or meaning of the phrase "related to the instant Civil Litigation," the phrase "related to litigation" has been examined and applied by courts in other contexts, often involving disputes over attorney fees and costs that may or may not "relate to litigation," or whether materials and documents bear a sufficient nexus to anticipated litigation to be protected by the work product doctrine. See, e.g., New Jersey Sports Prods., Inc. v. Bobby Bostick Promotions, LLC, 405 N.J. Super. 173, 183 (Ch. Div. 2007) (examining whether pre-litigation correspondence is protected by the work product doctrine); Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 Fed. Appx. 93, 102 (3d Cir. 2006) (concluding that certain fees and costs were reasonable and sufficiently related to existing litigation to be recoverable as part of an attorney fee award).

The case of New Jersey Sports Prods., Inc. v. Bobby Bostick Promotions, LLC, 405 N.J. Super. 173 (Ch. Div. 2007) provides an illustrative and analogous framework for assessing whether a document is "related to litigation." In New Jersey Sports, the Chancery Division of the New Jersey Superior Court considered whether certain pre-litigation correspondence was protected by the work product doctrine. Id. at 183. The court noted that "[t]o be afforded protection, the contents of the letters(s) must bear a relationship to the subject matter of the action." The court then looked at several specific factors to determine if the letter bore a sufficient relationship to the action so as to be privileged. Id. at 183–84. First, the court reviewed the specific language of the letter, noting that although "the letter makes no specific mention of litigation or threat thereof," a fair reading of the letter suggests that it was sent in anticipation of future litigation. Id. at 184. The court further considered the "nature of the dispute," the "past relationship between the parties," and timing of the correspondence as bearing on whether the challenged letter related to the litigation so as to be privileged. Id.

Plaintiff's claims as set forth in the Complaint all relate to the City's supposed "unfair" and "disparate" treatment of Plaintiff. In an effort to locate any evidence of his claims, Plaintiff submitted numerous OPRA requests in 2019, all of which he has now agreed to withdraw as "related to the instant Litigation." These requests included e-mails between certain City officials and employees, including then City Manager Capobianco, that contained Plaintiff's name (PR-376-2019, PR-380-2019), leave time requests for City employees other than Plaintiff (PR-377-2019), requests for all e-mails between the City Manager and counsel (PR-378-2019), and all legal invoices submitted to the City for payment (PR-348-2020), and blanket e-mail requests for all e-mails from various City officials, including the City Manager (PR-381-2019). These requests generally sought documents and information for a time period of 2018 and 2019.

---

[2] Merriam Webster, https://www.merriam-webster.com/dictionary/related (accessed November 12, 2020).

There is no dispute that the foregoing 2019 requests and PR-348-2020 "relate to the Litigation" and are to be withdrawn. For all the same reasons, the Disputed Requests must also be withdrawn. Both the plain meaning of word "related" and all of the factors considered by the New Jersey Sports court support Defendants' position that the Disputed Requests – like the 2019 requests – are sufficiently related to the Litigation that they must be withdrawn per the Term Sheet.

The Disputed Requests are remarkably similar to the above requests in that Plaintiff seeks e-mails between City officials – including the current City Manager – discussing Plaintiff from 2019 to 2020, in almost exactly the same form as Plaintiff's 2019 requests that sought e-mails from the former City Manager discussing Plaintiff over a similar timeframe. By way of the Disputed Requests, Plaintiff further seeks documents and information relating to how City officials handled similar OPRA requests submitted by other citizens besides Plaintiff, including requests submitted while Plaintiff was still an employee of the City and involved in active litigation adverse to the City. In other words, the Disputed Requests clearly "relate to the Litigation" because they seek relevant information over a relevant timeframe that could – for the sake of argument – support Plaintiff's claims that the City has retaliated against him for his conduct as an employee.

While in no way binding on this court, the comparable analysis in the New Jersey Sports case further supports Defendants' position that the Disputed Requests must be withdrawn. A fair reading of the Disputed Requests confirms they are "related to the Litigation" for a number of reasons, including: (1) the subject matter and information sought by Plaintiff is similar (i.e., seeking the City Manager's e-mails with "McKeon" included; (2) the timeframe sought by the Disputed Requests, which includes 2019 and periods of time that overlap with the Litigation and Plaintiff's 2019 requests; (3) the timing of the submission of the Disputed Requests, which were submitted long after the Term Sheet was executed; and (4) the relationships between the Parties, which has clearly been litigious. While the Disputed Requests do not specifically mention the Litigation, the nature of the Parties' dispute – the supposed disparate and retaliatory treatment of Plaintiff by Defendants – renders the Disputed Requests related to the Litigation because Plaintiff appears to be pursuing documents and evidence that could support these claims. Taken together and viewed as a whole, the nature and timeframe of the records and information sought, the relationship of the Parties to one another, and the timing of the submission of the Disputed Requests confirm that the Disputed Requests relate to the Litigation.

The term "related to the Civil Litigation" therefore plainly encompasses the Disputed Requests. Defendants clearly intended that Plaintiff must withdraw all pending ORPA requests at the time the Term Sheet was signed. Plaintiff has complied with this term with respect to the OPRA requests pending at the time the Term Sheet was executed. Notwithstanding the Term Sheet, Defendants anticipated that Plaintiff would continue to inundate the City with additional OPRA requests, and so included a term that Plaintiff could not submit future requests "related to the Litigation." While Plaintiff executed the Term Sheet, Plaintiff has not complied with this obligation to the extent he refuses to withdraw the Disputed Requests. The Disputed Requests must be withdrawn by Plaintiff for the Parties to execute in good faith a final form of settlement as directed by the Court's September 25, 2020 Order and Opinion.

### III.   <u>**CONCLUSION**</u>

For all the foregoing reasons, Defendants respectfully request the Court enter an Order confirming that the Disputed Requests relate to the instant Civil Litigation and must be withdrawn in accordance with the Parties' Term Sheet and the Court's September 25, 2020 Opinion.

Very truly yours,

**FLORIO PERRUCCI STEINHARDT CAPPELLI TIPTON & TAYLOR, LLC**

By:   _____

Stephen J. Boraske, Esq.

*cc (via e-mail/ECF):*        *Patricia Barasch, Esq., Attorney for Plaintiff*
*Donna M. Vierio, City Manager*
*Eric Nemeth, Esq., General Counsel, NJIIF*

# EXHIBIT A

Request Number: PR-359-2020

## Request Fields

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
732-275-5857

**Address**
510 deal lake drive, 10 E

**City**
asbury park

**State**
nj

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
a) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which included the following language in the responses: "legal review is necessary in order to determine whether such records are subject to production and, if so, to perform redactions as needed. It is anticipated that this legal review shall also encompass approximately ...... hours of time. The hourly rate for the City attorney is $160.00 per hour....." b) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which included the following language in the responses: "In order to locate all of the above-referenced records, the City's IT Director spent approximately .......hours. The IT Director's hourly rate is $48.54 per hour. Therefore, the total cost associated with the time spent by the City's IT Director, relating to your request, equates to ......." c) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which included any request for payment of a fee for services of the City's attorney either rendered, or proposed to be rendered, in connection with the Clerk providing responses to such OPRA requests; d) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which included any request for payment of a fee for services of the City's IT Director, either rendered, or proposed to be rendered, in connection with the Clerk providing responses to such OPRA requests; e) Provide copies of the actual OPRA requests received by the City Clerk, to which any of your responses in (a) through (d) above, apply.

## Request Number: PR-360-2020

### Request Fields

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal lake drive, 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
a) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2020 and the current date, which included the following language in the responses: "Your request requires additional time beyond the seven (7) business days to fulfill due to the voluminous amount of records and the ongoing COVID-19 pandemic"; b) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which included the following language in the responses: "Your request requires additional time beyond the seven (7) business days to fulfill due to the voluminous amount of records"; c) Provide copies of the actual OPRA requests received by the City Clerk, to which any of your responses in (a) and (b) above, apply; d) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove and Donna Viero, which include the following keywords or any form of such keywords: "McKeon" and "OPRA" or "request"; e) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove, Joseph Dellaragione and/or Donna Viero, which include the following keywords or any form of such keywords: "McKeon" and "OPRA" or "request"; f) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove, Tamica Smith and/or Donna Viero, which include the following keywords or any form of such keywords: "McKeon" and "OPRA" or "request"; g) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove, George Selah and/or Donna Viero, which include the following keywords or any form of such keywords:

"McKeon" and "OPRA" or "request" ; h) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove, Donna Viero and/or any City DPW staff member, which include the following keywords or any form of such keywords: "McKeon" and "OPRA" or "request" ; i) Provide copies of all responses from the Asbury Park City Clerk, to OPRA requests submitted during the time-period between January 1, 2019 and the current date, which made any reference to the requestor's inspection of the documents requested, in the City's Municipal offices; j) For the period between November 30, 2019 and the current date, provide copies of all emails between Melody Hartsgrove and/or any current member of the City Council or Mayor John Moor, which include the following keywords or any form of such keywords: "McKeon" and "OPRA" or "request"; k) For the period between November 30, 2019 and the current date, provide copies of all emails between Donna Viero and/or any current member of the City Council or Mayor John Moor, which include the following keywords or any form of such keywords "McKeon" and "OPRA" or "request".

# EXHIBIT B

Request Number: PR-376-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and John Moor which have all, some or one of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas) 2)For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Amy Quinn which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas) 3) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Yvonne Clayton which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas" 4) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Eileen Chapman which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas" 5) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Jesse Kendle which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas" 6) For the time period between January 1,

JustFOIA Edit Request Number 376

ᴠ18 thru August 10, 2019, provide copies of emails between Michael Capabianco and Eric Nemeth, Esq. which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas" 7) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Steve Glickman, Esq. which have all, some or one of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas 8) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Fred Rafetto, Esq. which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; Palubinskas 9) For the time period between January 1, 2018 thru August 10, 2019, provide copies of emails between Michael Capabianco and Dominic Bratti, Esq. which have all, some or one, of any form of the following key words included in the text or content of the email: "Rob", "Robert", "McKeon"; "stole" ; "social security numbers"; "confidential documents"; "email"; "Palubinskas".

Request Number: PR-377-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the time period from January 1, 2018 thru August 10, 2019, provide copies of every entry made by a City staff member in the Primepoint timekeeping system requesting or indicating time off, which includes one, some or all of the following keywords: a) "deposition"; b) "court"; c) "seminar" . 2) For every entry provided in response to number 1 above, provide copies of the entry by the staff member's supervisor approving or denying the time off request; 3) For the time period from November 1, 2015 thru August 10, 2019, provide copies of all documents submitted by all staff members in the City of Asbury Park, referencing any request to attend court or a deposition during the regular work weeks between Mondays and Fridays, from 9:00 a to 5:00 pm.

Request Number: PR-378-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
For the period between December 15, 2018 and August 10, 2019, provide copies of all emails between Michael Capabianco and Alan Genitempo, Esq.

Request Number: PR-379-2019

## Request Fields

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails sent from Michael Capabianco or or any City staff member on his behalf, to City staff, setting forth the agenda of discussion items at scheduled staff meetings. Include in this response copies of any attachments to these emails; 2) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails sent from Michael Capabianco, or any staff member on his behalf, to City staff, following any staff meetings, confirming the topics which had been discussed at the staff meetings. Include in this response copies of any attachments to these emails; 3)For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails sent from Michael Capabianco, or any staff member on his behalf, to City staff, notifying them of scheduled staff meetings during that period of time; 4) For the time period from November 1, 2015 through August 10, 2019, provide copies of all computer files and handwritten notes, prepared or maintained by Michael Capabianco, documenting topics and issues discussed at all staff meetings held during that period of time; 5) For the time period from November 1, 2015 through August 10, 2019, provide a copy of the computer logs from all computers used by Michael Capabianco, documenting the dates that all of those computer files referenced in response to number 4 above were "created", "modified" and "deleted"; 6) For the time period from November 1, 2015 through August 10, 2019, provide copies of all invoices, purchase orders and documentation maintained by the City, verifying the purchase of every computer laptop or tablet by the City for use by City staff to conduct City related work. Include in this response copies of the City's records verifying the identity of every staff member who was issued the computer

Request Number: PR-380-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the time period from November 1, 2015 through August 10, 2019, provide copies of documents and records maintained by the City verifying all City staff members who have been approved for, and taken medical leaves of absence for periods of longer than three (3) days; 2) For the period of time from November 1, 2015 thru August 10, 2019, provide copies of all emails exchanged between Defendant Capabianco and each and every City staff member having an email address with "@Cityofasburypark.com" as the domain name, in which one, some or all of the following key word or words appear: "Deposition", "Court", "Palubinskas", "McKeon" , "Rob" , "Robert"; 3) For the time period from November 1, 2015 through August 10, 2019, provide copies of the City's computer logs evidencing all files, logs, or any records of computer history that have been "DELETED", on all City computers used by a) Michael Capabianco; b) Tamica Smith; c) Adan Magana; d) Ronica Dinkins; e) Gina Tumolo; f) Ric Thornborough; g) George Selah; h) Michele Alonso; i) Bill Mc Clave; j) Gale Brown; K) Yvonne Adams; L) Robert Bianchini; 4) For the time period from November 1, 2015 through August 10, 2019, provide copies of the City's computer laptop logs evidencing all files, logs, or any records of history that have been "DELETED", on all City issued laptops used by a) Michael Capabianco; b) Michele Alonso; c) Sonia Spina; 5) For the time period from November 1, 2015 through August 10, 2019, provide copies of the City's computer tablet logs evidencing all files, logs, or any records of history that have been "DELETED", on all City issued tablets used by a) Michael Capabianco; b) Adan Magana; c) Ronica Dinkins; d) Gina Tumolo; e) Ric Thornborough; f) George Selah; 6) or the time period from November 1, 2015 through August 10, 2019, provide copies of the City's computer laptop

logs evidencing the history of all documents that were printed in a remote location, i.e. remote location meaning any location outside of 1 Municipal Plaza, from all City issued laptops used by a) Michael Capabianco; b) Michele Alonso; c) Sonia Spina; d) Joann Boos; e) Tracy Lizardi; 7) For the time period from November 1, 2015 through August 10, 2019, provide copies of the City's computer tablet logs evidencing the history of all documents that were printed in a remote location, i.e. remote location meaning any location outside of 1 Municipal Plaza, from all City issued tablets used by a) Michael Capabianco; b) Michele Alonso; c) Sonia Spina; d) Joann Boos; e) Tracy Lizardi; f) Adan Magana; g) Ronica Dinkins; h) Gina Tumolo; i) Ric Thornborough; j) George Selah.

Request Number: PR-381-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt 10-E

**City**
Asbury Park

**State**
New Jersey

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1)For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, received by email address Michael.capabianco@cityofasburypark.com From email address mcap100176@yahoo.com; 2) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, received by email address Michael.capabianco@cityofasburypark.com From email address mcap100176@gmail.com; 3) For the time period from November 1, 2015 through October 1, 2016, provide copies of all emails, including copies of attachments to those emails, received by email address Tony.nuccio@cityofasburypark.com From email address Tnuccio@aol.com; 4) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, Robert.Bianchini@cityofasburypark.com to email address Twoseashore2@aol.com; 5) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Eileen.chapman@cityofasburypark.com to email address eileentom1331@gmail.com ; 6) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Kevin.keddy@cityofasburypark.com to email address kevinkeddy65@gmail.com; 7) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address

mcap100176@yahoo.com; 8) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address mcap100176@gmail.com; 9) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Amy.quinn@cityofasburypark.com to email address jill.potter9@gmail.com; 10) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Amy.quinn@cityofasburypark.com to email address amyquinn@gmail.com ; 11) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address Michael.manzella@gmail.com ; 12) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Yvonne.adams@cityofasburypark.com to email address any30222@aol.com ; 13) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Gale.brown@cityofasburypark.com to email address bg495@aol.com ; 14) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address taxcollector@cityofasburypark.com to email address y68117526108732@gmail.com; 15) For the time period from November 1, 2015 through September 30, 2018, provide copies of all emails, including copies of attachments to those emails, sent From email address Anthony.Salerno@cityofasburypark.com to email address Tonysalerno1207@gmail.com ; 16) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails sent From email address Eugene.dello@cityofasburypark.com to email address Eugenedello@gmail.com; 17) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Lorenzo.pettway@cityofasburypark.com to email address appd126@yahoo.com; 18) For the time period from November 1, 2015 through October 1, 2016, provide copies of all emails, including copies of attachments to those emails, sent From email address Tony.nuccio@cityofasburypark.com to email address Tnuccio@aol.com; 19) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address javier.campos@cityofasburypark.com to email address Zx9ramman@aol.com; 20) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Guy.thompson@cityofasburypark.com to email address guytano123@aol.com; 21) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address jdragione@gmail.com; 22) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address tracylizardi@yahoo.com; 23) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Michael.capabianco@cityofasburypark.com to email address eugenedello@gmail.com; 24) For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address javier.campos@cityofasburypark.com to email address dankowsaluk@gmail.com; 25)For the time period from November 1, 2015 through August 10, 2019, provide copies of all emails, including copies of attachments to those emails, sent From email address Daniel.kowsaluk@cityofaasburypark.com to email address dankowsaluk@gmail.com; 26) For the time period from November 1, 2015 through August 10, 2019, provide copies of each and every email, memo, letter or writing prepared and issued by Michael Capabianco and sent to City staff, referencing the City's email policies, policies relating to electronic transmission of City documents and records, and policies regarding City staff emailing to personal email addresses. Include in this response, copies of any warnings issued to staff members during this time period for violations of these policies.

Request Number: PR-599-2019

**Request Fields**

**First Name**
Robert

**Middle Initial**
M.

**Last Name**
McKeon, Esq.

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt. 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the time period between September 1, 2018 thru November 30, 2019, provide copies of all emails between Michael Capabianco and Joe Dellaragione which have all, some or one of any form of the following key words included in the subject line, text or content of the email: "Geo 3.0" ; "SDL" ; "software" ; "training" 2) For the time period between September 1, 2018 thru November 30, 2019, provide copies of all emails between Michael Capabianco and Tamica Smith which have all, some or one of any form of the following key words included in the subject line, text or content of the email: "Geo 3.0" ; "SDL" '; "software" ; "training" 3)For the time period between September 1, 2018 thru current date, provide copies of all emails between Joe Dellaragione and Tamica Smith which have all, some or one of any form of the following key words included in the subject line, text or content of the email: "Geo 3.0" ; "SDL" ; "software" ; "training"

Request Number: PR-348-2020

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
17322755857

**Address**
510 Deal Lake Drive, Apt. 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
Copies of all Statements and Invoices received by the City of Asbury Park for legal services rendered to the City by its' General Legal Counsel, during the period from January 1, 2014 through the current date; Copies of all Statements and Invoices received by the City of Asbury Park for legal services rendered to the City by its' Redevelopment Counsel, during the period from January 1, 2014 through the current date; Copies of all Statements and Invoices received by the City of Asbury Park for legal services rendered to the City by its' Labor Counsel, during the period from January 1, 2014 through the current date; Copies of all Statements and Invoices received by the City of Asbury Park for legal services rendered to the City by any attorney not referenced above, during the period from January 1, 2014 through the current date.

# EXHIBIT C

Request Number: PR-346-2020

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal Lake Drive, Apt. 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
Copies of all applications submitted to the City for RCA funds during years 2014, 2015, 2016, 2017, 2018, 2019 and 2020 Copies of all approvals issued by the City for RCA funds during years 2014, 2015, 2016, 2017, 2018, 2019 and 2020. Copies of all time records and expense reports kept by all City Departments in connection with ALL work conducted by the City at all privately owned properties, including but not limited to lawnmowing, property cleanup, property board-ups and securing vacant properties, snow and/or ice removal or any other work, during years 2014, 2015, 2016, 2017, 2018, 2019 and 2020; Copies of statements or invoices issued by the City to private property owners in the City, for reimbursement to the City for work conducted at the properties by the City's DPW or any other City Department, during years 2014, 2015, 2016, 2017, 2018, 2019 and 2020; Copies of all liens recorded in the Monmouth County Clerk's office, by the City of Asbury Park, against privately owned properties in the City, for the cost of any work conducted at the properties by the City's DPW or any other City Department, during years 2014, 2015, 2016, 2017, 2018, 2019 and 2020.; Copies of all Vacant Property annual renewal fee letters that were issued by the City's Department of Property Improvement and Neighborhood Preservation (Code Enforcement) to the owners or lien holders of all vacant properties in the City, during years 2018, 2019 and 2020; Copies of all Vacant Property Registration fee letters that were issued by the City's Department of Property Improvement and Neighborhood Preservation (Code Enforcement) to the owners or lien holders of all vacant properties in the City, during years 2018, 2019 and 2020; Copies of all checks received by the

City for initial Vacant Property Registrations and Vacant Property Registration renewals, for the years 2018, 2019 and 2020.

Request Number: PR-347-2020

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
17322755857

**Address**
510 Deal Lake Drive, Apt. 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
Copies of daily GPS reports for all City vehicles operated by City officials or City staff in the Department of Public Works, Construction and Code Enforcement, between the hours of 8:00 am and 7:00 pm, during the period from January 1, 2020 through the present date; Copies of all written requests submitted to the State of New Jersey by the City's Zoning/Planning Department, Construction Department, DPW and the Department of Property Improvement and Neighborhood Preservation (Code Enforcement, during the period from January 1, 2015, for the State's authorization to purge any City files and shred or destroy City records and documents ; Copies of all documents or written communications received by the City's Zoning/Planning Department, Construction Department, DPW and the Department of Property Improvement and Neighborhood Preservation (Code Enforcement) from the State of New Jersey, during the period from January 1, 2015 thru the present date, authorizing the City's Departments to purge any City files and shred or destroy any City records and documents.

Request Number: PR-349-2020

**Request Fields**

**First Name**
Robert

**Middle Initial**
M

**Last Name**
McKeon

**Email**
asburyparknjlaw@aol.com

**Phone**
17322755857

**Address**
510 Deal Lake Drive, Apt. 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
Copies of all inspection records maintained by the City's Construction Department Code Enforcement Department for the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all Orders and Notices issued by the City's Construction Department relative to the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all appeals filed with the County of Monmouth -Construction Board of Appeals, in connection with the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all decisions or Orders issued by the County of Monmouth -Construction Board of Appeals, relating to filed appeals, in connection with the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all correspondence and written communications between George Selah and the property owner (or any third party on behalf of the property owner), in connection with the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all applications to the City's Construction Department, for permits, in connection with the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of any permits and stop work orders issued by the City's Construction Department, in connection with the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all emails between George Selah and Michael Capabianco referencing the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru November 1, 2019; Copies of all emails between George Selah and Donna Vieiro referencing the property located at 1117 Sunset

JustFOIA Edit Request Number 349

Avenue, during the period between November 1, 2019 thru the current date; Copies of all emails between George Selah and John Moor referencing the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all emails between George Selah and Amy Quinn referencing the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all emails between George Selah and Yvonne Clayton referencing the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all emails between George Selah and Eileen Chapman referencing the property located at 1117 Sunset Avenue, during the period between January 1, 2016 thru the current date; Copies of all emails between Donna Vieiro and John Moor referencing the property located at 1117 Sunset Avenue, during the period between November 1, 2019 thru the current date; Copies of all emails between Donna Vieiro and Amy Quinn referencing the property located at 1117 Sunset Avenue, during the period between November 1, 2019 thru the current date; Copies of all emails between Donna Vieiro and Yvonne Clayton referencing the property located at 1117 Sunset Avenue, during the period between November 1, 2019 thru the current date; Copies of all emails between Donna Vieiro and Eileen Chapman referencing the property located at 1117 Sunset Avenue, during the period between November 1, 2019 thru the current date.

## Request Number: PR-362-2020

**Request Fields**

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal lake drive, 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
a) provide copies of every Deed Restriction Instrument, recorded in the Monmouth County Clerk's office on behalf of the City of Asbury Park, in connection with all RCA funds issued by the the City of Asbury Park to private property owners in the City for the rehabilitation of low or moderate income rental housing units, during the period from January 1, 2014 through the current date; b) provide copies of all Ordinances Creating the Position of a Municipal Housing Liaison in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; c) provide copies of all Resolutions Appointing a Municipal Housing Liaison in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; d) provide copies of all Ordinances Creating the Position of RCA Administrator in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; e) provide copies of all Resolution Appointing an RCA Administrator in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; f) provide copies of all Ordinances Creating the Combined Position of Municipal Housing Liaison/RCA Administrator in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; g) provide copies of all Resolutions Appointing a Municipal Housing Liaison/RCA Administrator in the City of Asbury Park, which have been adopted by the current City Council, during the period from January 1, 2014 through the current date; h) for the years 2014 through the current date, provide annual financial statements for all Community Development

Block Grant Funds (CDBG) received by the City of Asbury Park from the U.S. Dept. of Housing and Urban Development, verifying the grant funds received by the City, as well as an itemized accounting of every disbursement of such funds by the City of Asbury Park; i) provide copies of every letter sent by the City of Asbury Park's Administrative Agent, setting forth the "Resale Procedures for Owners Wishing to Sell an Affordable Hosing Unit", during the period between January 1, 2014 through the current date.

Request Number: PR-363-2020

**Request Fields**

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal lake drive, 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) For the period between January 1, 2019 through the current date, provide copies of all emails between Michael Capabianco and all or any one or more of the following individuals: a) John Moor; b) Amy Quinn; c) Yvonne Clayton; and/or d) Eileen Chapman, which emails include the keywords "1508 Springwood" or "Furgerson"; 2) For the period between January 1, 2019 through the current date, provide copies of all emails between Michael Capabianco and all or any one or more of the following individuals: a) John Moor; b) Amy Quinn; c) Yvonne Clayton; and/or d) Eileen Chapman, which emails include the keywords "RCA"; "Administrator"; Housing"; "Liaison"; 3) For the period between June 1, 2019 through the current date, provide copies of all emails between Donna Vireo and all or any one or more of the following individuals: a) John Moor; b) Amy Quinn; c) Yvonne Clayton; and/or d) Eileen Chapman, which emails include the keywords "1508 Springwood" or "Furgerson"; 4) For the period between June 1, 2019 through the current date, provide copies of all emails between Donna Viero and all or any one or more of the following individuals: a) John Moor; b) Amy Quinn; c) Yvonne Clayton; and/or d) Eileen Chapman, which emails include the keywords "RCA"; "Administrator"; Housing"; "Liaison".

Request Number: PR-364-2020

**Request Fields**

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal lake drive, 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
a) copies of the City's financial accounting records documenting all vacant property initial registration fees collected by the City, depicting the corresponding property addresses, pursuant to the Vacant Property Registration Ordinance, for years 2016 through 2020; b) copies of the City's financial accounting records documenting all vacant property renewal registration fees collected by the City, depicting the corresponding property addresses, pursuant to the Vacant Property Registration Ordinance, for years 2016 through 2020; c) copies of the City's financial accounting records documenting and itemizing all hotel occupancy tax revenue collected and/or received by the City of Asbury Park for all hotel accommodations in the City, (depicting the specific hotel facilities), pursuant to Chapter X, section 2 of the City Code (10.2 et seq), for years 2014 through 2020;; d) copies of the City's financial accounting records documenting and itemizing all hotel occupancy tax revenue collected and/or received by the City of Asbury Park for all short term rental and transient accommodations in the City, depicting the corresponding property addresses for all taxes collected, pursuant to Chapter X, section 2 of the City Code (10.2 et seq), for years 2018 through 2020.

Request Number: PR-365-2020

**Request Fields**

**First Name**
robert

**Middle Initial**
m

**Last Name**
mckeon

**Email**
asburyparknjlaw@aol.com

**Phone**
7322755857

**Address**
510 Deal lake drive, 10 E

**City**
Asbury Park

**State**
NJ

**Zip**
07712

**Preferred Delivery**
Email

**Certification of conviction**
Have Not

**Description**
1) Copies of the current electronic logs maintained by the City's Department of Property Improvement and Neighborhood Preservation covering the time period from January 2018 through the current date, documenting all of the following transactions conducted by that Department (with the corresponding property addresses, dates of inspections, result of inspections -pass or fail, and dates of any subsequent reinspection): a) Certificates of Rental Compliance; b) Conditional Certificates of Rental Compliance; c) Certificates of Resale Compliance; and d) Conditional Certificates of Resale Compliance. 2) Copies of the current electronic logs maintained by the City's Department of Property Improvement and Neighborhood Preservation covering the time period from January 2018 through the current date, documenting all of the City's Vacant Property Initial Registrations and Renewals, with the corresponding property addresses, and all related fees billed and collected by the Department; 3) Copies of the current electronic logs maintained by the City's Department of Property Improvement and Neighborhood Preservation covering the time period from January 2018 through the current date, documenting all Summonses issued by the Department's officers for property maintenance violations and other City Code violations, including but not limited to violations of the Short Term Rental Ordinance, the Vacant Property Ordinance, and the Abandoned Property Ordinance. Include the corresponding property addresses, nature of violation and the fines imposed; 4) Copies of the current electronic logs maintained by the City's Department of Property Improvement and Neighborhood Preservation covering the time period from January 2018 through the current date, documenting all Short Term Rental Registrations, including the corresponding property addresses and fees billed and collected.